UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Clinton S. Brown

   v.                                                        Civil No. 17-cv-030-JD

Michelle Goings, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

    Clinton S. Brown, appearing pro se, has petitioned for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254, challenging the sentence imposed by the Sentence Review Board in 2007.  The matter is here for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules") and LR 4.3(d)(4).

**Second or Successive Petition**

    This is Brown's second § 2254 petition filed in this court. Brown filed his first § 2254 petition in 2015, asserting claims of constitutional violations relating to Brown's 2005 trial. That petition was dismissed by this court as barred by the statute of limitations.  See Brown v. N.N.H. Corr. Facility, No. 1:15-cv-020-LM (D.N.H. July 8, 2015) (ECF No. 6), R&R approved, No. 1:15-cv-020-LM (D.N.H. July 23, 2015) (ECF No. 8).

    This second § 2254 petition asserts claims relating to the

sentence imposed by Sentence Review Board in 2007.  This second-in-time § 2254 petition is subject to the limitations on second or successive petitions, set forth in 28 U.S.C. § 2244(b), as there was no new judgment intervening between the 2015 petition and this petition.  See Burton v. Stewart, 549 U.S. 147, 156 (2007).  Section 2244(b) requires a petitioner to obtain permission from the appropriate Court of Appeals before filing a second § 2254 petition in the district court.

Brown has not obtained the required permission from the First Circuit.  Therefore, this petition is subject to dismissal, pursuant to 28 U.S.C. § 2244(b)(3), for lack of subject matter jurisdiction.  See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010).

Transfer of this petition to the First Circuit, in lieu of dismissal, is not appropriate.  Brown's petition appears to be time-barred; Brown does not assert a credible claim of actual innocence; and no other exception to, or basis for the tolling of, the statute of limitations is apparent on the face of Brown's petition.  Accordingly, the district judge should simply dismiss this petition, leaving Brown free to apply to the First Circuit for permission to refile a similar, successive § 2254 petition in this court, pursuant to 28 U.S.C. § 2244(b)(3)(A) and First Circuit Local Rule 22.1.

**Certificate of Appealability**

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." § 2254 Rule 11(a).  When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the grounds for dismissal are purely procedural. Reasonable jurists would not find it debatable that the instant petition is an unauthorized "second or successive" petition. Accordingly, the district judge should decline to issue a certificate of appealability in this case.

**Conclusion**

For the foregoing reasons, the district judge should dismiss the petition (Doc. No. 1) for lack of subject matter

jurisdiction, and decline to issue a certificate of appealability.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                               _____
                                               Andrea Johnstone
                                               United States Magistrate Judge

January 30, 2017

cc: Clinton S. Brown, pro se